IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSEPH KAISAM | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO.  JKB-16-1642 |
| STATE OF MARYLAND | * | |
| Respondent. | | |

\*\*\*\*\*

**MEMORANDUM**

On May 24, 2016, the court received for filing the above-captioned petition for writ of mandamus, filed by Joseph Kaisam ("Kaisam"), a prisoner housed at the Eastern Correctional Institution ("ECI").  Kaisam states that neither the State of Maryland nor the Circuit Court for Worcester County has acted on his request to receive credit for time spent in custody, which he alleges would result in his release.  ECF No. 1.  He seeks mandamus relief to compel state authorities to award him credit time and to release him from state custody.  Kaisam has not filed the $400.00 civil filing fee or an indigency application.  He shall not be required to cure this deficiency.

The state court docket reveals that on September 10, 2015, Kaisam pled guilty to one count of second-degree assault in the Circuit Court for Worcester County and was sentenced to an 18-month term.  *See State v. Kaisam*, Case No. 23K15000134 (Circuit Court for Worcester County) http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?case.  On September 21, 2015, a "motion for credit for time spent in an official detention" was filed and on October 19, 2015, an order was entered "granting the credit *if due*."  Further, on October 13, 2015, a motion for "credit against sentence for time spent in custody" was filed by Kaisam.  On November 9, 2015, an order was entered denying the motion. Another motion for credit for time spent in custody was filed on or about April 11, 2016, and denied on May 3, 2016.

Mandamus relief is a remedy only used in extraordinary circumstances. *See Kerr v. United States Dist. Court,* 426 U.S. 394, 402 (1976); *In re Beard,* 811 F.2d 818, 826 (4th Cir. 1987). Title 28 U.S.C. § 1361 confers original jurisdiction on the United States District Courts "of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Thus, a federal court may only issue a writ of mandamus against an employee or official of the United States and, even then, may only command that employee or official "to perform a mandatory or ministerial duty, rather than one that is purely discretionary." *Ocean Breeze Festival Park v. Reich,* 853 F. Supp. 906, 915 (E.D. Va. 1994), *affirmed by Virginia Beach Policeman's Benevolent Association v. Reich,* 96 F.3d 1440 (4th Cir. 1996). A federal court does not have jurisdiction over state entities or employees in an action for writ of mandamus. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969); *see also AT & T Wireless PCS v. Winston-Salem Zoning Bd. of Adjustment,* 172 F.3d 307, 312 n.3 (4th Cir. 1999). Consequently, this court has no authority to provide the relief sought by Kaisam. A separate Order follows denying mandamus relief.

Date: May 31, 2016                                  /s/
                                                James K. Bredar
                                                United States District Judge